IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John D. Lynch, II,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>McCleod Regional Medical Center, Emergency Department; Security Department Personel; Keisha James; Chief of Emergency Department; Adrian Langley,<br><br>　　　　　　Defendants. | Civil Action No. 3:24-cv-2886-CMC<br><br>**ORDER** |

　　This matter is before the court on Plaintiff's Complaint.  ECF No. 1. He asserts multiple omissions below the medical standard of care during a visit to the hospital, causing him to remain homeless.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

　　On May 31, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. ECF No. 9.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections to the Report. ECF No. 12. He also filed two letters, a "Notice of Documentation of Homelessness," an Amended Complaint, a motion for leave to file in forma pauperis, consent to jurisdiction by a Magistrate Judge, and Local Rule 26.01 Answers to Interrogatories. ECF Nos. 14, 15, 16, 17, 20. 21. 23.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

The Report recommends Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction – Plaintiff did not allege the parties are diverse and the statute Plaintiff cites, 42 C.F.R. § 482.24(c) is a regulation, not a federal statute under which a civil claim can be made. ECF No. 9 at 5-6. Further, Plaintiff has not shown Defendants are state actors, as required to bring an action under § 1983.

Plaintiff filed objections to the Report, which stated in full "1.) Plaintiff appreciates granting of Forma Pauparesis. 2.) Plaintiff's filing was not sufficiently explanative – i) his C.V. should have been attached; ii) He assumed all Defendants are U.S. citizens.; iii) This was the twentieth illegal psychiatric committal, which included a life-threatening assault causing pacemaker dysfunction. Plaintiff intends to refile." ECF No. 12 (errors in original). His letters included his Curriculum Vitae ("C.V.") and dates of hospitalizations for blunt force trauma. ECF Nos. 14, 15. He notes he has been homeless in several states since about 2022. ECF No. 16. His new motion for leave to file *in forma pauperis* is unnecessary as that status has already been

granted. ECF Nos. 20, 8. The consent to jurisdiction by a magistrate judge (ECF No. 21) is premature as no Defendants have yet been served.

Plaintiff's Amended Complaint includes as Defendants McCleod Regional Medical Center, Emergency Department; Chief of the Emergency Department; Dr. Keisha James; Dr. Adrian Langley; and Security Personnel. ECF No. 17. Plaintiff asserts conspiracy to commit medical murder, Medicare fraud, and violation of U.S. Constitutional Rights as the basis for federal question jurisdiction. *Id.* at 4. He asserts diversity of citizenship is "irrelevant." *Id.* at 5.  He notes he "waives all monetary rights . . . provided all Emergency Department Physicians involved have their medical licenses permanently removed, all security personnel immediately have employment terminated." *Id.* at 6.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's filings and objections, the court agrees with the Report's recommendation the matter should be dismissed for lack of jurisdiction. Plaintiff does not assert the proposed Defendants are state actors such that suit can be brought under § 1983. Diversity jurisdiction does not apply as Plaintiff has not alleged facts sufficient to show diversity of citizenship or damages of over $75,000.  This court does not have jurisdiction to revoke medical licenses or fire employees of a business. Accordingly, the court adopts the Report by reference in this Order.  This matter is hereby summarily dismissed without prejudice. Plaintiff's pending motion (ECF No. 20) is dismissed as moot.

**IT IS SO ORDERED.**

                                                      s/Cameron McGowan Currie
                                                     CAMERON MCGOWAN CURRIE
                                                     Senior United States District Judge

Columbia, South Carolina
June 26, 2024